Shauck, C. J.
The city solicitor of the city of Toledo, with the approval of the attorney general of the state, makes this application for leave to file a petition to invoke our original jurisdiction in mandamus to compel the defendant to transfer on his records the sum of one thousand dollars from the general funds of said city to the department of public service in obedience to an ordinance passed by the council of that city appropriating that sum for the purpose of establishing a municipal moving picture theater, it being assumed that such appropriation is authorized by the amendment of September, 1912, to the constitution to authorize “municipal home rule.” A more particular statement of the allegations of the petition is not necessary because, at present, the questions arising out of the issues which they tender are superseded by a question of practice which arises out of the application for leave to file the petition.
The application is consonant with a practice long since established and consistently adhered to in this court to require leave to file petitions invoking the exercise of its original jurisdiction *446 upon any of the subjects within that jurisdiction. So long and consistently has the practice been adhered to that although its existence and effect are not stated in any formal rule they have been well understood by more than a generation of lawyers who have been attentive to the course of practice here. In Ex parte Shaw, 7 Ohio St., 81, Judge Swan said: “The return of a writ of habeas corpus into this court, in term, rests in the discretion of the judge of this court who allows the same; and as parties may, in general, have relief by application to probate and common pleas judges, with less delay and inconvenience, we do not deem it proper, unless under very peculiar circumstances, to put aside the regular business of this court by making applications of this kind returnable in term.”
All the judges concurred, although the defendant was the warden of the penitentiary.
Even at the beginning it was within easy prevision that if parties might be brought here from remote parts of the state to respond 'in habeas corpus proceedings against all arresting and detaining officers, or for. admission to bail, or to determine the custody of children or other dependents, and in suits in quo warranto and mandamus arising out of controversies in the organization and conduct of public and private corporations and public officers throughout the state, and to administer the trusts arising from the dissolution of corporations, there would be an intolerable abuse of the process of this court and no adequate time would remain for the perform *447 anee of its more appropriate duty of reviewing judgments and giving uniformity to the common law of the state. The wisdom of our predecessors in making the requirement has been increasingly apparent as these cases have increased in numbers so that it may be doubted whether within a generation the wisdom of the rule or even the imperative necessity for it has been doubted by anyone who had an intelligent comprehension of the useful purposes which it served.
But our attention is now arrested by the final sentence of Section 2 of Article IV of the change in the constitution effective January 1, 1913: “No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the supreme court.” If this prohibition is to be applied according to its apparent import the results so long and so beneficently averted now seem to be upon us. Some ameliorating suggestions are entitled to attention. It is true that the requirement of leave to file petitions here to invoke the exercise of our original jurisdiction has not been made pursuant to any statute or to any formal rule published in our book of rules; but it was made in the exercise of ' the same power that is exercised in making books of rules; that is, the power to prescribe such regulations respecting proceedings here as may be required by the interests of the public and not inconsistent with any provision of the constitution or valid statutes passed pursuant thereto. This court and the bar and people of the state have been as thoroughly committed to this rule and *448 bound by it as to any of the formal rules contained in our book of rules, and it has indicated the unvarying rule that leave to file petitions of this character would not be given unless justified by special and adequate considerations. It differs from a rule published in the book of rules only in the manner in which it was brought to the attention of the bar of the state.
Attention is also due to the suggestion that to give to the provision quoted the effect of annulling the requirement of leave to file original petitions here and thus bring to this court an unprecedented volume of cases would be to ignore the well-known purpose of the amendment, which is said to be to relieve this court of a volume of business which was already recognized as excessive. Such a purpose may seem quite apparent to those who attend only to the speeches of the convention and of the days preceding the ratification. But we have been abundantly warned against resort to that source of information when seeking the meaning of constitutional provisions. That is to be found in the provisions themselves and not in what may be said respecting them. The people have not said what the speakers have said. In the provisions respecting the jurisdiction in error of this court there is a manifest suggestion of the purpose stated, for while it may add nothing to its appellate jurisdiction as that has heretofore been understood, it contains provisions which may result in the exclusion from this court of a considerable number of cases which have been brought *449 to it from the intermediate court. But even upon this particular point one should speak briefly and cautiously until he learns the potentialities of the grant of “such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law.” But if the purpose to relieve the labors of the supreme court were clearly indicated by the provisions of the section, the suggested rule of interpretation would not be applicable to the particular provision under consideration. The rule invoked was stated in powerful opinions by the master of interpretation and with such clearness as to both its terms and limitations as to leave in the minds of constitutional lawyers who have lived with and after him little occasion to doubt its application. It is that if in an instrument of this character a purpose is clearly indicated all language which will admit of it must be so construed as to aid that purpose. The language of the provision now under consideration will not permit this court either to adopt or adhere to a rule which requires permission to invoke the exercise of its original jurisdiction. To so construe it would beget a consciousness that we are entertaining a bill in equity to reform the provision for mistake. The duty of subordination to the law rests nowhere more impressively than upon a tribunal which is not otherwise subordinate. The adjudications of a court of last resort must so enforce and so obey the provisions of fundamental law as to make popular government possible. To make it practicable is the duty of the electors.
*450 Since the relator may file his petition without leave, we dismiss his application.

Application dismissed.

Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ.. concur.